**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**

Civil Action No. _____

RYAN PAGE, on behalf of himself
and all others similarly situated,

      Plaintiff,

v.

GAMESTOP CORPORATION,

      Defendant.

---

## CLASS ACTION COMPLAINT

---

Plaintiff Ryan Page, on behalf of himself and all others similarly situated, complains and alleges upon information and belief based, among other things, upon the investigation made by Plaintiff and through her attorneys as follows:

## **INTRODUCTION**

1. This is a proposed class action seeking monetary damages, restitution, and injunctive and declaratory relief from Defendant GameStop Corporation ("GameStop"), arising from Defendant deceptive and untruthful promise to provide "free shipping" to online consumers.

2. Specifically, Defendant lures consumers into providing their credit card information based on the promise that customers that spend a certain amount, which changes from time to time, will qualify for free shipping. But that representation is false.

3. In fact, Defendant exploits customers by continuing to charge customers for "Shipping & Handling", even when they meet GameStop's advertised minimum spend requirements to qualify for free shipping.

4.      By falsely marketing that it offers "free shipping" to consumers, then adding a line item charge for "Shipping & Handling", GameStop deceives consumers into making product purchases they otherwise would not make.

5.      Worse, the shipping cost is not fairly disclosed until after the purchasing process is substantially complete. Even then it is only added, without comment or description, as a line item just before a purchase is completed after a multi-step process without any mention of the Shipping & Handling charge.

6.      Adding further confusion and deception, if a consumer is savvy enough to discover that they have been charged "Shipping & Handling" fees, even after "free shipping" GameStop advertised free shipping for their purchase, GameStop further attempts to cover up its deception by claiming that these consumers were only charged for "handling", and not for "shipping".

7.      By unfairly obscuring its shipping and handling charges, GameStop deceives consumers and gains an unfair upper hand on competitors that fairly disclose their true fees online.

8.      Plaintiff and Class members have been injured by Defendant' deceptive and fraudulent practices. Plaintiff brings this action on behalf of himself, the putative Class, and the general public. Plaintiff seeks actual damages, punitive damages, restitution, and an injunction on behalf of the general public to prevent Defendant from continuing to engage in its illegal practices described herein.

## PARTIES

9.      Plaintiff Ryan Page is a citizen of Massillon, Ohio.

10.     Defendant GameStop Corporation is a Delaware corporation with its principal office located in Grapevine, Texas.  GameStop is engaged in the business of providing gaming and entertainment to American consumers, including Plaintiff and members of the putative Class.

2

## JURISDICTION AND VENUE

11.     This Court has original jurisdiction of this action, among other reasons, under the
Class Action Fairness Act of 2005. Pursuant to 28 U.S.C. §§ 1332(d)(2) and (6), this Court has
original jurisdiction because (1) the proposed Class is comprised of at least 100 members; (2) at
least one member of the proposed class resides outside of Ohio; and (3) the aggregate claims of
the putative class members exceed $5 million, exclusive of interest and costs.

12.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendant
GameStop is subject to personal jurisdiction here and regularly conducts business in this District,
and because a substantial part of the events or omissions giving rise to the claims asserted herein
occurred in this district.

## FACTUAL BACKGROUND AND GENERAL ALLEGATIONS

### A.     Background

13.     GameStop is an American video game, consumer electronics, and gaming
merchandise retailer. GameStop offers retail products for purchase both in stores and online.

14.     Unfortunately for GameStop, the market for physical game media has been in a
state of decline due to downloadable games on services such as Xbox Live, PlayStation
Network, Nintendo eShop, and Steam. In an effort to keep customers after years of declining sales
and stock value, GameStop endeavored to offer "free shipping" to consumers that spend a certain
amount shopping at GameStop online.

15.     However, GameStop failed to honor its promise of "free shipping" when it added a
line item charge at the moment of purchase for "Shipping & Handling".

### B.     Plaintiff Was Deceived Into Paying for Shipping by GameStop

16.    In August of 2023, Plaintiff purchased $131.08 worth of products on GameStop's website.

17.    At the time of his purchase, GameStop advertised "free shipping" for consumers that purchased over $79.00 worth of products on GameStop's website:



18.    Nevertheless, Plaintiff was charged $7.99 in "Shipping & Handling" charges.



19.     When Plaintiff inquired about why he was charged "Shipping & Handling" fees, GameStop responded that he was charged for "handling but not the shipping", even though as demonstrated above, the line item charge clearly states that the charge is for both shipping and handling:

**Ahilin R (GameStop)**
Aug 27, 2023, 2:19PM CDT

Hey there Ryan,

Thank you for being part of the GameStop family, I would be delighted to help you with your inquiry.

I do apologize for the inconvenience with your order, I know how frustrating this situation is, but I'll do my best to assist you. I have reviewed your case in detail, and I noticed we charged $7.99 for the handling but not the shipping.

I know you see Handling and Shipping together, but we are able to see them in separate charges. I'm sorry for the confusion this situation may have caused.

If you need anything else, we are here to help you.

Power to the gamers!

Ahilin R
GameStop



20.     Indeed, as GameStop admits, Plaintiff and other consumers would have no way of knowing that GameStop considers shipping and handling two separate features offered at two separate prices. In fact, Defendant did just the opposite by listing "Shipping & Handling" as a single line item.

21.     Defendant lured Plaintiff and other consumers into purchasing products from GameStop online based on the false promise that shipping would be free. Then, at the moment Plaintiff was prepared to spend over $79 to get free shipping, Defendant quietly and surreptitiously added on a line item "Shipping & Handling" charge.  Even worse, GameStop further misrepresents

this line item charge by later telling complaining consumers, like Plaintiff, that they were only charged for "handling", rather than shipping.

> **C.**    **Defendant's Practice Is Unethical and Violated Established Ethical Standards**

22.    Defendant's practices, as alleged herein, violated generally accepted ethical principles of business conduct.

23.    The basis for the allegation that it was unethical to engage in the above practices comes, in part, from established ethical principles recognized by the American Marketing Association.

## AMA Statement of Ethics

24.    The American Marketing Association ("AMA") "commits itself to promoting the highest standard of professional ethical norms and values. . . ."[1] As such, it has published its "Statement of Ethics." *Id.* AMA states that "marketers are expected to embrace the highest professional ethical norms and the ethical values implied by our responsibility toward multiple stakeholders (e.g., customers . . .)." *Id.* Thus, the Statement of Ethics contains "Ethical Norms," which "are established standards of conduct that are expected and maintained by society and/or professional organizations." *Id.*

25.    The AMA's Ethical Norms state that marketers must "consciously avoid [] harmful actions and omissions," "striv[e] for good faith and fair dealing," "avoid [] deception in . . . pricing, communication, and delivery of distribution," and affirm "core values" of honesty, . . . fairness [and] transparency." *Id.*

26.    By advertising free shipping for consumers, then charging consumers for shipping, then pretending that the charge clearly called a "shipping" charge is not for shipping, Defendant

---

[1] **Exhibit A** American Marketing Association Code of Conduct / AMA Statement of Ethics.

violated these Ethical Norms because, among other reasons, because it did not strive (nor achieve) good faith and fair dealing and did not affirm the core values of honesty, fairness and transparency.

27. The AMA has also published "Ethical Values," which "represent the collective conception of what communities find desirable, important and morally proper." *Id.* These Ethical Values include honesty and "[h]onoring our explicit and implicit commitments and promises."

28. Defendant violated the aforementioned Ethical Values, because, among other reasons, it did not honor its explicit and implicit commitments and promises to provide free shipping.

## CLASS ALLEGATIONS

29. Plaintiff brings this action on behalf of himself, and all others similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure. This action satisfies the numerosity, commonality, typicality, adequacy, predominance and superiority requirements of Rule 23. The proposed classes are defined as:

> All consumers who, within the applicable statute of limitations preceding the filing of this action to the date of class certification, ordered products on the GameStop website that met the advertised minimum spend requirement and were charged a Shipping & Handling fee ("Nationwide Class").

> All consumers who, while residing in the States of Alaska, Arkansas, California, Connecticut, Delaware, Florida, Hawaii, Illinois, Kentucky, Maine, Maryland, Massachusetts, Michigan, Missouri, Nebraska, New Hampshire, New Jersey, New York, North Carolina, Ohio, Rhode Island, Vermont, Washington, West Virginia, Wisconsin and the District of Columbia ordered products on the GameStop website that met the advertised minimum spend requirement and were charged a Shipping & Handling fee ("The Consumer Protection Law Subclass").

30. In addition to the proposed nationwide class, Plaintiff also brings this action on behalf of an Ohio subclass.

31. Excluded from the Class are Defendant, any entities in which they have a controlling interest, any of their parents, subsidiaries, affiliates, officers, directors, employees and

members of such persons' immediate families, and the presiding judge(s) in this case, and their staff. Plaintiff reserves the right to expand, limit, modify, or amend this class definition, including the addition of one or more subclass, in connection with her motion for class certification, or at any other time, based upon, *inter alia,* changing circumstances and/or new facts obtained during discovery.

32.     Plaintiff reserves the right to modify or amend the definition of the proposed Class and/or add a subclass(es), if necessary, before this Court determines whether certification is appropriate.

33.     The questions here are ones of common or general interest such that there is a well-defined community of interest among the members of the Class. These questions predominate over questions that may affect only individual class members because Defendant has acted on grounds generally applicable to the Class. Such common legal or factual questions include, but are not limited to:

> a.     Whether Defendant's alleged misconduct misled or had the tendency to mislead consumers;
>
> b.     Whether Defendant engaged in unfair, unlawful, and/or fraudulent business practices under the laws asserted;
>
> c.     Whether Defendant's alleged conduct constitutes violations of the laws asserted;
>
> d.     Whether Plaintiff and members of the Class were harmed by Defendant's misrepresentations;
>
> e.     Whether Defendant was unjustly enriched;

    f.      Whether Plaintiff and the Class have been damaged, and if so, the proper measure of damages; and

    g.      Whether an injunction is necessary to prevent Defendant from continuing to engage in the wrongful conduct described herein.

34.    The parties are numerous such that joinder is impracticable. Upon information and belief, and subject to class discovery, the Class consists of thousands of members or more, the identity of whom are within the exclusive knowledge of and can be ascertained only by resort to Defendant' records. Defendant has the administrative capability through its computer systems and other records to identify all members of the Class, and such specific information is not otherwise available to Plaintiff.

35.    It is impracticable to bring members of the Class individual claims before the Court. Class treatment permits a large number of similarly situated persons or entities to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of evidence, effort, expense, or the possibility of inconsistent or contradictory judgments that numerous individual actions would engender. The benefits of the class mechanism, including providing injured persons or entities with a method for obtaining redress on claims that might not be practicable to pursue individually, substantially outweigh any difficulties that may arise in the management of this class action.

36.    Plaintiff's claims are typical of the claims of the other members of the Class in that they arise out of the same wrongful business practices by Defendant, as described herein.

37.    Plaintiff is more than adequate representative of the Class in that Plaintiff is a Defendant customer and has suffered damages as a result of Defendant' contract violations. In addition:

a) Plaintiff is committed to the vigorous prosecution of this action on behalf of himself and all others similarly situated and has retained competent counsel experienced in the prosecution of class actions and, in particular, class actions on behalf of accountholders against financial institutions;

b) There is no conflict of interest between Plaintiff and the unnamed members of the Class;

c) Plaintiff anticipates no difficulty in the management of this litigation as a class action; and

d) Plaintiff's legal counsel has the financial and legal resources to meet the substantial costs and legal issues associated with this type of litigation.

38. Plaintiff knows of no difficulty to be encountered in the maintenance of this action that would preclude its maintenance as a class action.

39. Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate corresponding declaratory relief with respect to the Class as a whole.

40. All conditions precedent to bringing this action have been satisfied and/or waived.

## COUNT I
## Violation Of the Ohio Consumer Sales Practices Act, Ohio Rev. Code § 1345.02 *et seq.*
### (on Behalf of the Nationwide Class and Ohio Subclass)

41. Plaintiff re-alleges and incorporate each and every allegation set forth above as if fully written herein.

42. The Ohio Consumer Sales Practices Act declares unlawful unfair or deceptive acts or practices in connection with a consumer transaction. *See* Ohio Rev. Code § 1345.02.

43. GameStop committed unfair or deceptive acts or practices in or affecting commerce by advertising that consumers meeting minimum spend requirements qualify for free shipping, and then charging consumers that met the minimum spend requirements for shipping.

44. GE committed unfair or deceptive acts or practices in or affecting commerce by representing its "Shipping & Handling" charge was only for "handling" and not "shipping" to

11

consumers that sought an explanation.

45.     GameStop knew that it committed the aforementioned unfair and deceptive acts.

46.     GameStop committed unfair or deceptive acts or practices in or affecting commerce by concealing and/or failing to inform Plaintiff and Class Members that shipping was not free.

47.     GameStop's unfair or deceptive acts or practices offended established public policy and was immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers.

48.     GameStop's unfair, unlawful, unconscionable, or deceptive acts or practices constitute violations of the Ohio Consumer Sales Practices Act, Ohio Rev. Code § 1345.02.

49.     Plaintiff and Class members relied on GameStop's false or deceptive representations and omissions.

50.     These unfair or deceptive acts or practices caused damages to Plaintiff and members of the subclass.

## COUNT II
### Alternative Cause of Action for Violation Of Certain State Consumer Protection Laws Where Class Members Reside, Where Those State Laws Do Not Materially Conflict With the Ohio Consumer Sales Practices Act
### (on Behalf of the Consumer Protection Law Subclass)

51.     Plaintiff re-alleges and incorporates each and every allegation set forth above as if fully written herein.

52.     Plaintiffs state this alternative cause of action under the laws of the states of residence of class members where these states' consumer protection laws do not materially differ and are not in actual conflict with the law of Ohio.  Though this Count is pled under these

various state laws, Plaintiff asserts that, under choice of law rules, the absence of an actual

conflict with Ohio law requires the ultimate application of Ohio law

53.     GameStop committed unfair or deceptive acts or practices in or affecting

commerce by advertising that consumers meeting minimum spend requirements qualify for free

shipping, and then charging consumers that met the minimum spend requirements for shipping.

54.     GE committed unfair or deceptive acts or practices in or affecting commerce by

representing its "Shipping & Handling" charge was only for "handling" and not "shipping" to

consumers that sought an explanation.

55.     GameStop knew that it committed the aforementioned unfair and deceptive acts.

56.     GameStop committed unfair or deceptive acts or practices in or affecting

commerce by concealing and/or failing to inform Plaintiff and Class Members that shipping was

not free.

57.     GameStop's unfair or deceptive acts or practices offended established public

policy and was immoral, unethical, oppressive, unscrupulous, or substantially injurious to

consumers.

58.     The practices discussed above all constitute unfair competition or unfair,

unconscionable, deceptive, or unlawful acts or business practices in violation of the following

state consumer protection statutes:[2]

a.  **Alaska Unfair Trade Practices and Consumer Protection Act**, Alaska Stat.

45.50.471, et seq.;

b.  **Arkansas Deceptive Trade Practices Act**, Ark. Code Ann. § 4-88-101, et seq.;

---

[2]   There is no conflict between these state statutes and the Ohio Consumer Sales Practice Act because these state statutes (1) do not require reliance by unnamed class members; (2) do not require scienter; and (3) allow class actions.

c. **California Consumer Legal Remedies Act**, Cal. Civ. Code § 1750 et seq., **California Unfair Competition Law**, Cal. Bus. & Prof. Code § 17200 et seq.;

d. **Connecticut Unfair Trade Practices Act**, Conn. Gen. Stat. § 42-110a, et seq.;

e. **Delaware Consumer Fraud Act**, Del. Code Ann. tit. 6, § 2511, et seq.;

f. **District of Columbia Consumer Protection Procedures Act**, D.C. Code § 28-3901, et seq.;

g. **Florida Deceptive and Unfair Trade Practices Act**, Fla. Stat. § 501.201, et seq.;

h. **Hawaii Unfair and Deceptive Practices Act**, Hawaii Rev. Stat. § 480-1, et seq.;

i. **Illinois Consumer Fraud and Deceptive Business Practices Act**, 815 Ill. Comp.Stat. § 505/1, et seq.;

j. **Kentucky Consumer Protection Act**, Ky. Rev. Stat. Ann. § 367.110, et seq.;

k. **Maine Unfair Trade Practices Act**, Me. Rev. Stat. tit. 5, § 205-A, et seq.;

l. **Maryland Consumer Protection Act**, Md. Code Ann., Com. Law § 13-101, et seq.;

m. **Massachusetts Regulation of Business Practices for Consumers' Protection Act**, Mass. Gen. Laws Ann. ch. 93A, § 1, et seq.;

n. **Michigan Consumer Protection Act**, Mich. Comp. Laws § 445.901, et seq.;

o. **Missouri Merchandising Practices Act**, Mo. Rev. Stat. § 407.010, et seq.;

p. **Nebraska Consumer Protection Act**, Neb. Rev. Stat. § 59-1601, et seq.;

q. **New Hampshire Consumer Protection Act**, N.H. Rev. Stat. Ann. § 358-A:1, et seq.;

r. **New Jersey Consumer Fraud Act**, N.J. Stat. Ann. § 56:8-1, et seq.;

s. **New York Deceptive Acts and Practices Act**, N.Y. Gen. Bus. Law § 349, et

14

seq.;

t.  **North Carolina Unfair and Deceptive Trade Practice Act**, N.C. Gen. Stat. § 75-1.1, et seq.;

u.  **Ohio Consumer Sales Practice Act**, Ohio Rev. Code Ann. § 1345.01, et seq.;

v.  **Rhode Island Unfair Trade Practices and Consumer Protection Act**, R.I. Gen. Laws § 6-13.1-1, et seq.;

w.  **Vermont Consumer Fraud Act**, Vt. Stat. Ann. tit. 9, § 2451, et seq.;

x.  **Washington Consumer Protection Act**, Wash. Rev. Code § 19.86.010, et seq.;

y.  **West Virginia Consumer Credit and Protection Act**, W. Va. Code Ann. § 46A-6-101, et seq.; and

z.  **Wisconsin Deceptive Trade Practices Act**, Wis. Stat. § 100.18, et seq.

59.    Plaintiffs and members of the subclass relied on GameStop's false or deceptive representations and omissions.

60.    These unfair or deceptive acts or practices caused damages to Plaintiffs and members of the subclass.

<u>**COUNT III**</u>
**Unjust Enrichment**
**(On Behalf of Plaintiff, the Nationwide Class, and the Ohio Subclass)**

61.    Plaintiff repeats, realleges, and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

62.    To the detriment of Plaintiff and the Class, Defendant have been, and continues to be, unjustly enriched as a result of its wrongful conduct alleged herein.

63.    Plaintiff and the Class conferred a benefit on Defendant.

64.     Defendant unfairly, deceptively, unjustly, and/or unlawfully accepted said benefits, which under the circumstances, would be unjust to allow Defendant to retain.

65.     Defendant' unjust enrichment is traceable to, and resulted directly and proximately from, the conduct alleged herein.

66.     Plaintiff and the Class, therefore, seek disgorgement of all wrongfully obtained fees received by Defendant as a result of its inequitable conduct as more fully stated herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes demand a jury trial on all claims so triable and judgment as follows:

(a)     Certification for this matter to proceed as a class action on behalf of the Class;

(b)     Declaring Defendant's practices to be unfair;

(c)     For declaratory and injunctive relief as set forth above;

(d)     For an order requiring Defendant to disgorge and make restitution of all monies it acquired by means of the unlawful practices set forth above;

(e)     For compensatory damages according to proof;

(f)     For punitive damages according to proof;

(g)     For reasonable attorneys' fees and costs of suit;

(h)     For pre-judgment interest; and

(i)     Awarding such other and further relief as this Court deems just, proper and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff and all others similarly situated hereby demand trial by jury on all issues in this Class Action Complaint that are so triable.

Dated:  October 9, 2023

/s/ Andrew Shamis
Shamis and Gentile, P.A.
Andrew J. Shamis, Esq.
OHIO No. 100846
ashamis@shamisgentile.com
14 NE 1st Ave Suite 705
Miami, FL 33132
Telephone: 305-479-2299
ashamis@shamisgentile.com


Sophia Goren Gold*
KALIELGOLD PLLC
950 Gilman Street, Suite 200
Berkeley, CA 94710
(202) 350-4783
sgold@kalielgold.com

Jeff Kaliel*
Amanda Rosenberg*
KALIELGOLD PLLC
1100 15th Street NW, 4th Floor
Washington, DC 20005
jkaliel@kalielpllc.com
arosenberg@kalielgold.com
(202) 350-4783

*pro hac vice forthcoming

*Attorneys for Plaintiff and the Putative Class*

17